# STATE OF WEST VIRGINIA
## SUPREME COURT OF APPEALS

**Dennis Corporation,**
**Plaintiff/Counterclaim Defendant Below, Petitioner**

**FILED**

**October 20, 2017**

RORY L. PERRY II, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

**vs) No. 16-0928**  (Putnam County 14-C-218)

**CPB, LLC,**
**Defendant/Counterclaim Plaintiff Below, Respondent**


## MEMORANDUM DECISION

Petitioner and Plaintiff below Dennis Corporation, by counsel Timothy P. Rosinsky, appeals the December 4, 2015, and August 31, 2016, orders of the Circuit Court of Putnam County that, respectively, granted summary judgment in favor of Respondent and Defendant below CPB, LLC, and awarded damages. Respondent, by counsel Richard E. Holtzapfel and Andrew F. Workman, filed a response in support of the circuit court's order.

This Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision affirming the circuit court's order is appropriate under Rule 21 of the Rules of Appellate Procedure.

On January 16, 2009, the parties entered into a lease agreement pursuant to which petitioner, an engineering consulting firm, agreed to rent from respondent 1,400 square feet of office space/business property located in the Clyffside Professional Building in Putnam County, West Virginia. The lease provided for an initial three year term, beginning on January 20, 2009, and expiring at midnight on January 19, 2012. Under the lease, petitioner agreed to pay $2,000 per month, due and payable in advance on or before the first of each month.

The lease also included an option to renew for an additional three-year term subject to certain requirements, including that, if petitioner (Tenant) elects to exercise the option to renew, it shall give written notice to respondent (Landlord) of such election at least ninety days before the date of the lease's expiration. Additionally, the lease included a clause that adjusts the amount of the base rent based upon the "Consumer Price Index for All Urban Consumers" ("CPI") annual average for the year 2007 should petitioner elect to exercise the renewal option.

On December 28, 2011, respondent's owner, David Tabor, sent an e-mail to petitioner's Division Manager, Travis Miller, regarding the renewal option. Mr. Tabor's e-mail referenced "the parts out of the lease that pertain to renewal"—that is, the paragraphs indicating (1) that the lease term is three years, (2) that petitioner has the option to renew, and (3) that the rent will be

1

adjusted upon renewal based upon the CPI annual average for the year 2007. Mr. Tabor's e-mail also noted that, under the terms of the lease, petitioner should have, but did not, provide written notice of intent to renew by October 19, 2011, which was approximately ninety days prior to the expiration of the lease. Nonetheless, Mr. Tabor advised that "[r]egardless of the technicalities I am fine with a simple note indicating Dennis's intent to renew for another three year term." He proposed that they renew the lease "for 3 years, (nothing to sign or execute) but agree to a 10% rent increase (closer to the 2008 CPI) for a new rent . . . of $2200 per month."

On January 2, 2012, Mr. Miller forwarded Mr. Tabor's e-mail to Petitioner Mo Denny, who, by e-mail on January 3, 2012, responded that "[a] 10 percent increase for the 3 year period of lease renewal is agreeable. . . . Please contact David that we do want to continue our lease." By e-mail of January 9, 2012, Mr. Miller advised Mr. Tabor that it "[s]ounds good to us. Let me know if you need me to do anything else."

Following the expiration of the initial lease, petitioner remained on the premises and began paying the new rental rate of $2,200 per month, as agreed to by the parties. The parties agree that petitioner got behind a number of times on its rent payments but, for the most part, was able to catch up on payments throughout 2012 and 2013. On January 17, 2014, Mr. Tabor sent a letter to petitioner's owner, Dan Dennis, and Mr. Miller concerning overdue rent, requesting that petitioner timely remit monthly rent payments during 2014

On May 20, 2014, due to petitioner's continued delinquency in payment, respondent's counsel gave written notice to petitioner that "[i]f all outstanding balances due are not paid in full by no later than 5 pm on Friday, May 30, 2014, CPB will have to consider exercising its explicit contractual right to re-enter and take possession of the Premises and alter locks to prevent access to the Premises, which can be done without terminating the lease."

On June 13, 2014, with rent payments still delinquent, respondent's counsel advised petitioner that, pursuant to the parties' lease, it was "exercising its explicit contractual right to re-enter and take possession of the Premises and alter locks to prevent access to the Premises." Attempts thereafter to negotiate a resolution were unsuccessful. On July 31, 2014, respondent advised petitioner that its lease was terminated and that it had secured a new tenant to mitigate its damages. The following day, respondent informed petitioner that it removed petitioner's property from the premises.

Petitioner thereafter filed a Verified Petition for Preliminary Injunctive Relief and Complaint for Damages in the Circuit Court of Putnam County alleging that respondent wrongfully locked it out and seized its personal property. Respondent filed a response in opposition to the petition for preliminary injunction, an answer, affirmative defenses, and a counterclaim. Petitioner then filed affirmative defenses and an answer to respondent's counterclaim. Following a hearing on petitioner's petition for injunctive relief, the circuit court ordered that respondent deliver possession of all personal property to petitioner immediately and that petitioner post a $10,000 cash or surety bond. At the conclusion of discovery, respondent filed a motion for summary judgment on all claims, including its counterclaim against petitioner.

A hearing on respondent's motion for summary judgment was conducted on November

2

20, 2015. Petitioner filed a response. By order entered December 4, 2015, the circuit court granted respondent's motion, holding that evidence of petitioner's conduct clearly showed its intention to renew the lease and established that petitioner and respondent "mutually assented to the term of the lease as offered and understood by [respondent]." The court further held that petitioner's "payment of the increased rent pursuant to the rent escalation clause constituted an affirmative act of its intent to renew the lease and an acceptance of its terms." (Footnote omitted). The circuit court concluded that respondent properly exercised its contractual right to re-take the premises following petitioner's default on rent payments.

In a subsequent order entered August 31, 2016, following a separate hearing on damages,[1] the court awarded respondent the following: (1) unpaid rent in the amount of $7,722.58; (2) unpaid late fees in the amount of $1,320; (3) interest accrued at the 10% contractual rate; and (4) attorney's fees and expenses totaling $33,797.78, plus any additional fees and expenses incurred with regard to the January 29, 2016, hearing. Finally, the circuit court ordered that respondent "shall be entitled to the $10,000 cash bond posted by [petitioner]." This appeal followed.

We begin with a review of the December 4, 2015, summary judgment order that concluded that, as a matter of law, the parties renewed the initial lease in its entirety. We review petitioner's appeal of this order *de novo. See* Syl. Pt. 1, *Painter v. Peavy,* 192 W. Va. 189, 451 S.E.2d 755 (1994). (holding that "[a] circuit court's entry of summary judgment is reviewed *de novo.*"). Under Rule 56(c) of the West Virginia Rules of Civil Procedure, summary judgment should be granted "where the moving party shows by 'the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, . . . that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law.'" *Williams v. Precision Coil, Inc.*, 194 W. Va. 52, 59, 459 S.E.2d 329, 336 (1995) (footnote omitted). Guided by this principle, we consider the parties' arguments.

Petitioner's primary argument on appeal is that genuine issues of material fact exist as to whether, upon the expiration of the 2009 lease, the parties entered into a new agreement that rendered the terms and conditions of the 2009 lease null and void. Specifically, petitioner contends that a reasonable jury could have found that the parties entered into a lease agreement consisting of only the three terms set forth in the December 28, 2011, e-mail from respondent's Tabor to petitioner's Miller (i.e., "Term," "Option to Renew," and "Rent Adjustment"). For this reason, petitioner argues, summary judgment was improperly granted. We find no error.

In syllabus point three of *Dan Ryan Builders, Inc. v. Nelson*, this Court held that

"[t]he fundamentals of a legal contract are competent parties, legal subject matter, valuable consideration and mutual assent. There can be no contract if there is one of these essential elements upon which the minds of the parties are not in agreement." Syllabus Point 5, *Virginian Export Coal Co. v. Rowland Land Co.,* 100 W.Va. 559, 131 S.E. 253 (1926).

---

[1] At the January 29, 2016, damages hearing, the circuit court took evidence and directed counsel to brief the damages issue, including whether respondent was entitled to the $10,000 cash surety petitioner had previously posted. The parties filed briefs, as directed.

230 W. Va. 281, 737 S.E.2d 550 (2012). At issue in this case is whether the parties mutually assented to continue their landlord/tenant relationship under the terms and conditions of the initial lease upon its expiration. We have held that

> "[i]n order for this mutuality to exist, it is necessary that there be a proposal or offer on the part of one party and an acceptance on the part of the other. Both the offer and acceptance may be by word, act or conduct that evince the intention of the parties to contract. That their minds have met may be shown by direct evidence of an actual agreement. . . ." [*Ways v. Imation Enterprises Corp.*, 214 W.Va. 305, 313, 589 S.E.2d 36, 44 (2003)] (quoting *Bailey v. Sewell Coal Co.,* 190 W.Va. 138, 140–41, 437 S.E.2d 448, 450–51 (1993) (citations omitted)). Indeed, "[t]he contractual concept of 'meeting of the minds' or 'mutual assent' relates to the parties having the same understanding of the terms of the agreement reached." *Messer v. Huntington Anesthesia Group, Inc.,* 222 W.Va. 410, 418, 664 S.E.2d 751, 759 (2008).

*New v. GameStop, Inc.*, 232 W. Va. 564, 572–73, 753 S.E.2d 62, 70–71 (2013).

The evidence clearly demonstrated that the parties mutually assented to renew, in their entirety, the terms and conditions of the 2009 lease. According to the above-described e-mails exchanged between the parties, petitioner intended to "continue" the lease and to pay an increased monthly rent calculated according to the CPI escalation clause provide for in the initial lease's renewal provisions. Following the e-mail exchanges, petitioner proceeded to tender rental payments in the agreed-upon amount upon the expiration of the initial lease in January of 2012.

Additionally, in a sworn affidavit dated November 30, 2015,[2] Petitioner Travis Miller stated that he was authorized to negotiate with respondent for the "'Renewal Term'" of the lease; that "[t]he negotiations are memorialized in the e[-]mails attached [to the affidavit]  and resulted in a renewal of the Lease as confirmed by my e[-]mail to David Tabor dated January 9, 2012[;]" that "[i]t was my intent and understanding that Dennis Corporation was renewing all of the terms and provisions of the 14-page Lease . . . for another three year period with the only exception being the rent increase[;]"  that, when Tabor "included the three 'Renewal Terms from Lease' in his December 28, 2011, e[-]mail starting the renewal negotiations, I understood those terms were being provided because they were the clauses in the Lease which specifically pertained to the renewal." Importantly, Mr. Miller stated that he

> never believed that Dennis Corporation was renewing only those three terms and I never intended to renew only those three terms. As shown in the e[-]mails, . . . no one involved in the process from either side ever stated that the renewal of the lease was being limited to only those three terms. Other than the rent increase, all of the other terms and provisions of the 14-page Lease were renewed in their entirety.

---

[2] Mr. Miller's affidavit was attached to and referenced in respondent's reply to petitioner's response to respondent's motion for summary judgment.

Similarly, in a deposition taken on September 18, 2015, Dan Dennis, petitioner's owner, testified that the 2009 lease was "certainly renewed." Further, when asked if there was any dispute that the lease was, "in fact, renewed[,]" Mr. Dennis stated, "Not in my mind, no."

Based upon the evidence presented below, it is clear that no genuine issues of material fact existed with regard to whether the parties mutually agreed to renew the 2009 lease in its entirety. The parties' e-mails addressing renewal and the subsequent sworn statements of petitioner's agents, Miller and Dennis, demonstrated unequivocally that the parties did not intend to enter into a new lease comprised of only the three terms set forth in the December 29, 2011, e-mail from Mr. Tabor to Mr. Miller. To the contrary, the evidence showed that the parties mutually agreed to continue the initial lease with an increase in the monthly rent payment as provided for therein. Therefore, we conclude that the circuit court did not err in granting petitioner's motion for summary judgment and we affirm its December 4, 2015, order.

Petitioner also appeals the circuit court's August 31, 2016, order that awarded respondent damages for its claims for breach of contract, Mr. Tabor's lost time, and attorney's fees and costs, and that also released the $10,000 cash bond to respondent in partial satisfaction of its judgment against petitioner. Petitioner's assignments of error with regard to this order on damages expressly state that the circuit court erred "based upon the mistake of law" in the court's December 4, 2015, summary judgment order. Notably, petitioner makes no legal argument in support of these assignments of error. Because we have concluded that summary judgment was properly granted in favor of respondent on the issue of whether the parties mutually agreed to renew the 2009 lease, we need not address these assignments of error herein.

For the foregoing reasons, we affirm.

Affirmed.

**ISSUED:** October 20, 2017

**CONCURRED IN BY:**

Chief Justice Allen H. Loughry II
Justice Robin Jean Davis
Justice Margaret L. Workman
Justice Menis E. Ketchum
Justice Elizabeth D. Walker